STATE OF NORTH CAROLINA v. REGINALD BERNARD WINGATE

No. COA10-1385

(Filed 19 July 2011)

**Sentencing— calculation of prior record level—stipulation to prior record level worksheet—sufficient evidence of prior convictions**

The trial court did not err in a possession with intent to manufacture, sell, or deliver cocaine case in determining that defendant had a prior record level of V, based on 16 prior record points. Defendant's stipulation in the prior record level worksheet was sufficient proof of his prior convictions.

Appeal by defendant from judgment entered 17 May 2010 by Judge William David Lee in Lincoln County Superior Court. Heard in the Court of Appeals 27 April 2011.

*Attorney General Roy Cooper, by Special Deputy Attorney General Grady L. Balentine, Jr., for the State.*

*Kimberly P. Hoppin for defendant appellant.*

HUNTER, Robert C., Judge.

Reginald Bernard Wingate ("defendant") appeals from a judgment entered upon his guilty plea to possession with intent to manufacture, sell, or deliver cocaine and having attained the status of a habitual felon. The trial court found defendant to have a prior record level of V, based on 16 prior record level points, and sentenced defendant as a habitual felon to a term of 121 to 155 months imprisonment. Defendant gave notice of appeal in open court.

Defendant's sole argument on appeal is that the trial court erred in determining his prior record level because the State failed to offer sufficient proof of his prior convictions and his stipulation to the prior convictions was invalid since the stipulation pertained to a matter of law. "The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions . . . ." N.C. Gen. Stat. § 15A-1340.14(a) (2009). The State bears the burden of proving a defendant's prior record level by a preponderance of the evidence, and may meet its burden through:

(1) *Stipulation of the parties.*

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (2009) (emphasis added).

While a stipulation by a defendant is sufficient to prove the existence of the defendant's prior convictions, which may be used to determine the defendant's prior record level for sentencing purposes, the trial court's assignment of defendant's prior record level is a question of law. *State v. Fraley,* 182 N.C. App. 683, 691, 643 S.E.2d 39, 44 (2007). " 'stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate.' " *State v. Hanton,* 175 N.C. App. 250, 253, 623 S.E.2d 600, 603 (2006) (quoting *State v. Prevette,* 39 N.C. App. 470, 472, 250 S.E.2d 682, 683, *disc. review denied,* 297 N.C. 179, 254 S.E.2d 38 (1979)).

Here, defendant stipulated that he was previously convicted in North Carolina of one count of conspiracy to sell or deliver cocaine and two counts of selling or delivering cocaine. Defendant stipulated that these convictions were Class G felonies. Defendant now contends that there was insufficient proof to establish whether he had previously been convicted of one count of conspiracy to *sell* cocaine and two counts of *selling* cocaine, which are Class G felonies, *or* whether he was convicted of one count of conspiracy to *deliver* cocaine and two counts of *delivery* of cocaine, which are Class H felonies. *See* N.C. Gen. Stat. §§ 90-90(1)(d), -95(b)(1), -98 (2009). Defendant asserts that whether he was convicted of delivering cocaine or whether he was convicted of selling cocaine was a question of law, not fact, and, therefore, his stipulation to the Class G felonies was invalid. We disagree and hold that, in this case, the class of felony for which defendant was previously convicted was a question of fact, to which defendant could stipulate, and was not a question of law requiring resolution by the trial court.

Our courts have repeatedly held that the accuracy of a prior conviction worksheet may be stipulated to pursuant to N.C. Gen. Stat. § 15A-1340.14(f)(1). *See, e.g., State v. Alexander,* 359 N.C. 824, 830, 616 S.E.2d 914, 918 (2005) ("[U]nder these circumstances,

defense counsel's statement to the trial court constituted a stipulation of defendant's prior record level pursuant to N.C.G.S. § 15A-1340.14(f)(1). Thus, defendant's sentence was imposed based upon a proper finding of defendant's prior record level."); *State v. Massey*, 195 N.C. App. 423, 429, 672 S.E.2d 696, 699 (2009) ("[D]efendant stipulated to the accuracy of the prior conviction worksheet. Although this stipulation does not preclude our *de novo* appellate review of the trial court's calculation of defendant's prior record level, it is sufficient to satisfy the State's evidentiary burden of proof of this conviction."); *State v. Hurley*, 180 N.C. App. 680, 685, 637 S.E.2d 919, 923 (2006) (holding that conduct of defense counsel during sentencing amounted to a stipulation to defendant's prior convictions). The prior conviction worksheet expressly sets forth the class of offense to which a defendant stipulates and defendant in this case has not cited to any authority, nor have we found any, that requires the trial court to ascertain, as a matter of law, the class of each offense listed.

Defendant in the case at bar stipulated that the three convictions at issue were Class G felonies. The trial court could, therefore, rely on this factual stipulation in making its calculations and the State's burden of proof was met. N.C. Gen. Stat. § 15A-1340.14(f)(1). We note that defendant does not assert that he was, in fact, convicted of one count of conspiring to *deliver* cocaine and two counts of *delivering* cocaine, as opposed to one count of conspiring to *sell* cocaine and two counts of *selling* cocaine. In other words, defendant does not dispute the accuracy of his prior conviction level or his prior record level.

In sum, because defendant's stipulation in the prior record level worksheet is sufficient proof of his prior convictions, we hold that the trial court properly determined that defendant had a prior record level of V, based on 16 prior record points. Accordingly, we affirm the judgment of the trial court.

Affirmed.

Judges BRYANT and McCULLOUGH concur.