An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-869
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

v.                                          Gaston County
                                            No. 12 CRS 57020
RALPH JUNIOR WILSON


Appeal by defendant from judgment entered 13 March 2013 by Judge James W. Morgan in Gaston County Superior Court. Heard in the Court of Appeals 9 January 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Neal T. McHenry, for the State.*
>
> *Richard J. Costanza, for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Ralph Junior Wilson ("Defendant") appeals from a judgment and commitment sentencing him to 23-37 months imprisonment for possession of a firearm by a felon. Defendant contends that the trial court erred in assessing him with sentencing points for his prior shoplifting and public disturbance convictions. In the alternative, Defendant contends that he received ineffective assistance of counsel during sentencing. For the following

reasons, we affirm the trial court's judgment and dismiss Defendant's ineffective assistance of counsel claim.

## I.    Factual & Procedural History

On 13 March 2013, Defendant was convicted of possession of a firearm by a felon.[1]  The evidence presented at Defendant's trial tended to show the following.

On 28 May 2012, Officer J.R. Hamrick ("Officer Hamrick") of the Gaston County Police Department was on a marine patrol of Lake Wylie when he received a call from dispatch concerning an emergency in the area.  The reported emergency was near a part of the lake known as the "hot hole."  As Officer Hamrick approached the shoreline near the hot hole, a man began motioning for Officer Hamrick and pointed him in the direction of a nearby pier.  When Officer Hamrick looked over in the direction to which the man was pointing, he saw a woman who appeared visibly upset arguing with Defendant on the shoreline.

Officer Hamrick disembarked from the police boat, approached the couple, and stated "Stop," "Police, don't move." The woman stood still but Defendant took off running with a Styrofoam bucket in his hand.  Officer Hamrick chased Defendant up a hill to a nearby restroom.  When Officer Hamrick caught up

---

[1] Defendant stipulated to a prior felony conviction at trial.

to Defendant at the restroom entrance, Defendant had dropped the Styrofoam bucket on the ground and a .45 caliber semi-automatic handgun was lying next to the bucket. Officer Hamrick restrained Defendant and, after learning that Defendant was a convicted felon, arrested Defendant for possessing the firearm.

After hearing the foregoing evidence, the jury found Defendant guilty of possession of a firearm by a felon, a Class G felony. *See* N.C. Gen. Stat. § 14-415.1(a) (2013). Thereafter, the trial court commenced with sentencing. On the record, defense counsel and the State stipulated to the accuracy of Defendant's prior record level worksheet (form AOC-CR-600). Moreover, it was stipulated that based on Defendant's prior convictions listed in Section V of the worksheet, Defendant had amassed 19 felony sentencing points and was therefore at a prior record level of VI for felony sentencing purposes. Based on this stipulation, the trial court concluded that Defendant had 19 prior record points and a prior record level of VI. The trial court sentenced Defendant to a 23-37 month active sentence, which is within the presumptive range for a Class G felon at a record level of VI. *See* N.C. Gen. Stat. § 15A-1340.17 (2013). Defendant gave notice of appeal in open court.

## II.  Jurisdiction

Defendant's appeal from the superior court's final judgment lies of right to this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b), 15A-1444(a) (2013).

## III. Analysis

Defendant's appeal presents two questions for our review: (1) whether the trial court erred in assessing Defendant with felony sentencing points for his prior shoplifting and public disturbance convictions; and (2) whether Defendant received ineffective assistance of counsel during sentencing.  We address each in turn.

### A. Defendant's Sentencing Argument

Defendant contends that the trial court erred as a matter of law by assigning him felony sentencing points for his previous shoplifting and public disturbance convictions.  As a result, Defendant contends that the trial court should have set his prior record level at V instead of VI and asks this Court to remand for resentencing.

"The determination of an offender's prior record level is a conclusion of law that is subject to *de novo* review on appeal." *State v. Bohler*, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009).  "Under a *de novo* review, the court considers the matter

anew and freely substitutes its own judgment for that of the lower tribunal." *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (quotation marks and citation omitted). Even so, an error by the trial court in calculating a defendant's prior record point total is harmless if the error does not affect the determination of the defendant's prior record level. *State v. Blount*, 209 N.C. App. 340, 347, 703 S.E.2d 921, 926 (2011).

"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court . . . finds to have been proved in accordance with this section." N.C. Gen. Stat. § 15A-1340.14(a) (2013). "The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f).

> A prior conviction shall be proved by any of the following methods:
>
> (1)  Stipulation of the parties.
>
> (2)  An original copy of the court record of the prior conviction.
>
> (3)  A copy of records maintained by the Division of Criminal Information, the

> Division of Motor Vehicles, or of the Administrative Office of the Courts.
>
> (4) Any other method found by the court to be reliable.

*Id.*

The number of prior record points for each class of felony and misdemeanor offense is specified in N.C. Gen. Stat. § 15A-1340.14(b). Pertinent here, the only non-traffic misdemeanor offenses that are assigned prior record points under the statute are Class A1 and Class 1 misdemeanors. *See* N.C. Gen. Stat. § 15A-1340.14(b)(5). Importantly, offenders with 18 or more prior record points are assigned a prior record level of VI for felony sentencing, while offenders with 14-17 points are assigned a prior record level of V. *See* N.C. Gen. Stat. § 15A-1340.14(c).

Here, defense counsel and the State stipulated to the accuracy of Defendant's prior record level worksheet, which indicated that Defendant had amassed 19 felony sentencing points and was therefore at a prior record level of VI for felony sentencing purposes. Defendant's prior convictions for shoplifting and public disturbance were listed on the worksheet as follows:

| Offenses | File No. | Class |
|---|---|---|
| . . . . | | |
| M – SHOPLIFTING | 89CR3411 | 3 |
| . . . . | | |
| M – PUBLIC DISTURBANCE | 11CR60879 | 1 |
| . . . . [2] | | |

On appeal, Defendant contends that the trial court should not have assigned points to these misdemeanor convictions because, as a matter of law, they are not Class A1 or Class 1 misdemeanors.[3]

At the outset, we note that Defendant's prior conviction for shoplifting is listed on Defendant's worksheet as a Class 3 misdemeanor. Moreover, our criminal shoplifting statute specifies the crime as a Class 3 misdemeanor. N.C. Gen. Stat. § 14-72.1(e) (2013) ("For a first conviction . . . or for a subsequent conviction for which the punishment is not specified by this subsection, the defendant shall be guilty of a Class 3

_____

[2] The worksheet also indicated the date of each conviction and the county involved. This information has been edited out for ease of interpretation.

[3] A review of the worksheet and the trial court's judgment reveals that the trial court assigned 1 point for each of these convictions.

misdemeanor.").[4]   Accordingly, it was error for the trial court to assign one felony sentencing point for Defendant's shoplifting conviction, and the State concedes as much in its brief before this Court.   Nevertheless, the State contends that this error is harmless because even if a point is deducted from Defendant's total (i.e., if Defendant's prior record point total drops from 19 to 18), Defendant would still be at a prior record level of VI for felony sentencing purposes.   The validity of the State's argument assumes that the trial court did not err in assigning one point for Defendant's public disturbance conviction, a question we now consider.

Defendant contends that the trial court erred in assigning one point for his prior public disturbance conviction because, as a matter of law, a "public disturbance" is unambiguously a Class 2 misdemeanor.   Specifically, even though Defendant stipulated to the accuracy of the prior record level worksheet, which lists Defendant's public disturbance conviction as a Class 1 misdemeanor, Defendant contends that his stipulation is not binding and should have been corrected by the trial court.   *See* *State v. Wingate*, 213 N.C. App. 419, 420, 713 S.E. 2d 188, 189 (2011) ("Stipulations as to questions of law are generally held

---

[4] There are no other prior shoplifting convictions listed on Defendant's worksheet.

invalid and ineffective, and not binding upon the courts, either trial or appellate." (quotation marks and citations omitted)).

In support of his argument, Defendant directs our attention to this Court's decisions in *Wingate* and *State v. Roseboro*, ___ N.C. App. ___, 723 S.E.2d 583, 2012 WL 1308987 (2012) (unpublished).[5] In *Wingate*, the defendant stipulated that he had been convicted of one count of "conspiracy to sell or deliver cocaine" and two counts of "selling or delivering cocaine." *Wingate*, 213 N.C. App. at 420, 713 S.E.2d at 189. The defendant further stipulated that these offenses were Class G felonies. *Id.* On appeal, the defendant contended that

> there was insufficient proof to establish whether he had previously been convicted of one count of conspiracy to *sell* cocaine and two counts of *selling* cocaine, which are Class G felonies, or whether he was convicted of one count of conspiracy to *deliver* and two counts of *delivery* of cocaine, which are Class H felonies.

*Id.* at 420, 713 S.E.2d at 189-90. In reviewing the trial court's decision, we said:

> Defendant asserts that whether he was convicted of delivering cocaine or whether he was convicted of selling cocaine was a question of law, not fact, and, therefore, his stipulation to the Class G felonies was

---

[5] *Roseboro* is an unpublished decision of this Court and therefore has no precedential value. Nevertheless, we consider *Roseboro* as persuasive authority.

invalid. We disagree and hold that, in this case, the class of felony for which defendant was previously convicted was a question of fact, to which defendant could stipulate, and was not a question of law requiring resolution by the trial court.

*Id.* at 420, 713 S.E.2d at 190.  Additionally, we noted that:

> [t]he prior conviction worksheet expressly sets forth the class of offense to which a defendant stipulates and defendant in this case has not cited to any authority, nor have we found any, that requires the trial court to ascertain, as a matter of law, the class of each offense listed.
>
> Defendant in the case at bar stipulated that the three convictions at issue were Class G felonies. The trial court could, therefore, rely on this factual stipulation in making its calculations and the State's burden of proof was met.

*Id.* at 421, 713 S.E.2d at 190.

In *Roseboro*, the defendant stipulated that he had previously been convicted of "conspiracy to commit common law robbery" and that this conviction was a Class G felony. *Roseboro*, 2012 WL 1308987, at *1.  On appeal, the defendant contended that "the trial court erred in relying on this stipulation because as a matter of law, conspiracy to commit felony common law robbery is a Class H felony." *Id.* Distinguishing *Wingate*, we said:

> In *Wingate* the question before the Court was whether defendant's stipulation to the class

of an ambiguously titled felony was sufficient to establish that his conviction was for the Class G felony of sale of cocaine, rather than the Class H felony of delivery of cocaine. Here, there is no ambiguity in the prior felony to which Defendant stipulated. Defendant stipulated that he was previously convicted of conspiracy to commit felony common law robbery. As a matter of law, this conviction is a Class H felony. It was error to list the conviction as a Class G felony on the prior record level worksheet, and it was error for the trial court to rely on that stipulation to calculate Defendant's prior record level. Properly counting Defendant's prior conviction for conspiracy to commit felony common law robbery as a Class H felony, Defendant would have a prior record level of IV. Accordingly, we remand for resentencing.

*Id.* at *2.

Consistent with *Roseboro*, Defendant contends that a "public disturbance" unambiguously refers to the conduct prohibited by N.C. Gen. Stat. § 14-288.4(a), which, as a matter of law, is a Class 2 Misdemeanor. *See* N.C. Gen. Stat. § 14-288.4(b) (2011).[6]

---

[6] Offenders under this version of the statute, which was in effect when Defendant committed the offense for which he is currently being sentenced, were guilty of a Class 2 misdemeanor for a first offense irrespective of the particular subsection implicated under N.C. Gen. Stat. § 14-288.4(a). Under the current statute, offenders of N.C. Gen. Stat. § 14-288.4(a)(8) are guilty of a Class 1 misdemeanor for the first offense. *See* N.C. Gen. Stat. § 14-288.4(c) (2013). The older version of the statute is cited here because "[i]n determining the prior record level, the classification of a prior offense is the classification assigned to that offense at the time the offense

We disagree.

N.C. Gen. Stat. § 14-288.1(8) (2013) defines a "public disturbance" as

> [a]ny annoying, disturbing, or alarming act or condition exceeding the bounds of social toleration normal for the time and place in question which occurs in a public place or which occurs in, affects persons in, or is likely to affect persons in a place to which the public or a substantial group has access.

As defined, the term is subsequently used to describe a riot in N.C. Gen. Stat. § 14-288.2 (2013) and to describe various types of disorderly conduct in N.C. Gen. Stat. § 14-288.4.[7] Thus, unlike conspiracy to commit common law robbery, a "public disturbance" is an ambiguous label that could refer to multiple types of criminal activity. Furthermore, while a person is guilty of a Class 2 misdemeanor for disorderly conduct under N.C. Gen. Stat. § 14-288.4, N.C. Gen. Stat. § 14-288.2(c) states that "any person who willfully engages in a riot is guilty of a Class 1 misdemeanor."

Accordingly, Defendant's stipulation in the present case is more akin to the stipulation in *Wingate* than the stipulation in

---

for which the offender is being sentenced is committed." N.C. Gen. Stat. § 15A-1340.14(c).

[7] Notably, N.C. Gen. Stat. § 14-288.4 is titled "Disorderly conduct," not "public disturbance."

*Roseboro*. Defendant has stipulated to an ambiguously labeled crime and its punishment classification. Thus, consistent with our decision in *Wingate*, "the class of [misdemeanor] for which [D]efendant was previously convicted was a question of fact, to which [D]efendant could stipulate, and was not a question of law requiring resolution by the trial court." *Wingate*, 213 N.C. App. at 420, 713 S.E.2d at 190.

Finally, we note that on 19 September 2013, Defendant filed a motion with this Court asking us to take judicial notice of a certified copy of the judgment entered for his previous "public disturbance" conviction in order to establish that the conviction was for a violation of N.C. Gen. Stat. § 14-288.4(a)(2).[8] "[I]f requested by a party and supplied with the necessary information," this Court is required to take judicial notice of an adjudicative fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." N.C. R. Evid. 201. A certified copy of a court record is a source whose accuracy cannot be reasonably questioned. Thus, we must take judicial notice of

---

[8] Defendant has also requested that we take judicial notice of an uncertified computer printout allegedly showing the record of his previous shoplifting conviction as maintained by the Administrative Office of the Courts.

the information contained in Defendant's judgment.[9] *See State v. Thompson*, 349 N.C. 483, 497, 508 S.E.2d 277, 286 (1998) ("This Court may take judicial notice of the public records of other courts within the state judicial system."); *State v. King*, ___ N.C. App. ___, ___, 721 S.E.2d 327, 330 (2012) (taking judicial notice of a certified public record signed by an assistant clerk). The judgment, which matches the file number listed beside "public disturbance" on the prior record level worksheet, cites to N.C. Gen. Stat. § 14-288.4(a)(2) to describe Defendant's criminal conduct.

However, because this document was not presented to the trial court, it cannot affect our review of the trial court's sentencing decision. In a similar context, we have stated that

> [t]he Court of Appeals is not the proper place for the introduction of evidence. This Court is not a fact-finding court, and will not consider evidence, documentary or otherwise, that was not before the trial court. To allow such evidence would lead to interminable appeals and defeat the fundamental roles of our trial and appellate courts.

*State v. Massey*, 195 N.C. App. 423, 429, 672 S.E.2d 696, 699–700 (2009) (declining to consider a certified copy of the

---

[9] We decline to judicially notice the computer printout detailing Defendant's shoplifting conviction. As an uncertified document, its accuracy can be reasonably questioned.

defendant's criminal record in reviewing the trial court's sentencing decision). Accordingly, we find no reversible error in the trial court's sentencing decision. Although the trial court mistakenly added a point for Defendant's shoplifting conviction, this error was harmless. Defendant stipulated that the ambiguously labeled "public disturbance" conviction was a Class 1 misdemeanor. Considering Defendant's stipulation to this question of fact, which was the only evidence before the trial court, we hold that the trial court did not err in assigning a felony sentencing point for Defendant's "public disturbance" conviction nor in setting Defendant's prior record level at VI.

## B. Defendant's Ineffective Assistance of Counsel Argument

Defendant contends that if the trial court did not err in its sentencing decision, we should find on direct review that he received ineffective assistance of counsel during the sentencing phase of his trial. Specifically, Defendant contends that his trial counsel stipulated to inaccurate information and, but for the error, Defendant would have received a shorter sentence.

To prevail on an ineffective assistance of counsel claim,

> a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient

performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and quotation marks omitted), *cert. denied*, 549 U.S. 867 (2006). However,

[i]t is well established that ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." Thus, when this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court.

*State v. Thompson*, 359 N.C. 77, 122–23, 604 S.E.2d 850, 881 (2004) (quoting *State v. Fair*, 354 N.C. 131, 166, 577 S.E.2d 500, 524 (2001)), *cert. denied*, 546 U.S. 830 (2005).

Here, the cold record reveals that further information is required to review Defendant's ineffective assistance of counsel

claim. It is clear that an error was made with respect to Defendant's shoplifting conviction. This conviction is listed on the prior record level worksheet as a Class 3 misdemeanor, yet, defense counsel stipulated to a point total that included one point for this conviction. Even so, further factual development is needed concerning Defendant's "public disturbance" conviction. This conviction is listed as a Class 1 misdemeanor on the prior record level worksheet. The certified judgment that we have judicially noticed also identifies this conviction as a Class 1 misdemeanor. However, as previously noted, the judgment also cites to N.C. Gen. Stat. § 14-288.4(a)(2) to describe Defendant's criminal conduct, which, as a matter of law, is a Class 2 misdemeanor.[10] *See* N.C. Gen. Stat. § 14-288.4(b). It is unclear on the current record whether defense counsel looked at Defendant's previous judgment, looked up the statutory reference cited therein, or caught the discrepancy. We believe that defense counsel should be given the opportunity to explain why the stipulation was made and what information was considered beforehand. Accordingly, we dismiss Defendant's ineffective assistance of counsel claim.

---

[10] The discrepancy in the judgment between the cited criminal conduct and the misdemeanor class level that was marked appears to be a clerical error.

## IV. Conclusion

For the foregoing reasons, we find no error with the trial court's judgment and dismiss Defendant's ineffective assistance of counsel claim.

No error in part; dismissed in part.

Judges STROUD and DILLON concur.

Report per rule 30(e).