ELMORE, Judge.
 

 The trial court sentenced Richard S. Eury (defendant) at a prior record level six in the mitigated range of 90 to 120 months imprisonment for possession of a stolen vehicle and attaining the status of an habitual felon. Because the trial court erred in calculating defendant's prior record level, we remand for resentencing.
 

 I. Background
 

 On 14 July 2014, the Mecklenburg County Grand Jury returned indictments against defendant for larceny of a motor vehicle in violation of N.C. Gen.Stat. § 14-72 (2013), possession of a stolen vehicle in violation of N.C. Gen.Stat. § 20-106 (2013), and attaining the status of an habitual felon in violation of N.C. Gen.Stat. § 14-7.1 (2013). Defendant was tried at the 8 December 2014 Criminal Session of the Mecklenburg County Superior Court, the Honorable Eric L. Levinson presiding. The jury acquitted defendant of larceny but found him guilty of possession of a stolen vehicle. On 18 December 2014, defendant admitted to habitual felon status in his transcript of plea.
 

 In Section I of defendant's sentencing worksheet, the trial court assigned defendant seventeen points based on his prior felony convictions, which included possession of stolen property in violation of N.C. Gen.Stat. § 14-71.1 (2013), and larceny of a motor vehicle. Pursuant to N.C. Gen.Stat. § 15A-1340.14(b)(6) (2013), the trial court assigned one additional point because it determined that "all the elements of the present offense are included in any prior offense whether or not the prior offense or offenses were used in determining prior record level." This raised the total points assessed against defendant in Section I from seventeen to eighteen, which, in turn, elevated defendant's prior record level from five to six.
 

 Defendant signed a stipulation to the convictions included in the worksheet, the points assigned thereto, and his prior record level. The trial court found mitigating factors and sentenced defendant to an active sentence in the mitigated range of 90 to 120 months imprisonment. Defendant gave notice of appeal in open court.
 

 II. Discussion
 

 Defendant argues that the trial court erred by assigning an additional point pursuant to N.C. Gen.Stat. § 15A-1340.14(b)(6) to calculate his prior record level. Specifically, defendant maintains that he has no prior conviction that contains all the elements of his current conviction for possession of a stolen vehicle. The State, in turn, argues that defendant is barred from raising this issue on appeal, and alternatively, that defendant's prior convictions for possession of stolen property and larceny of a motor vehicle are sufficient to support an additional point under N.C. Gen.Stat. § 15A-1340.14(b)(6).
 

 Although defendant stipulated to the assigned points and prior record level in the sentencing worksheet, such stipulations do not bar defendant's challenge on appeal. The assignment of a prior record level is a question of law,
 
 State v. Wingate,
 

 213 N.C.App. 419
 
 , 420,
 
 713 S.E.2d 188
 
 , 189 (2011), and generally, stipulations to questions of law are "invalid," "ineffective," "and not binding upon the courts,"
 
 State v. Prevette,
 

 39 N.C.App. 470
 
 , 472,
 
 250 S.E.2d 682
 
 , 683 (1979). Accordingly, we review the trial court's calculation of defendant's prior record level
 
 de novo.
 

 State v. Fraley,
 

 182 N.C.App. 683
 
 , 691,
 
 643 S.E.2d 39
 
 , 44 (2007).
 

 In felony sentencing, an offender's prior record level "is determined by calculating the
 
 *871
 
 sum of the points assigned to each of the offender's prior convictions...." N.C. Gen.Stat. § 15A-1340.14(a) (2013). In addition, one point is assigned "[i]f all the elements of the present offense are included in any prior offense for which the offender was convicted, whether or not the prior offense or offenses were used in determining prior record level...." N.C. Gen.Stat. § 15A-1340.14(b)(6).
 

 Although defendant's prior convictions, larceny of a motor vehicle and possession of stolen property, are similar to the present offense, possession of a stolen vehicle, neither contains "all the elements of the present offense."
 

 Id.
 

 Possession of a stolen vehicle necessarily requires "that the stolen property being possessed was a motor vehicle," whereas possession of stolen property "does not require that one of the 'goods' stolen was actually a motor vehicle."
 
 State v. Bailey,
 

 157 N.C.App. 80
 
 , 87,
 
 577 S.E.2d 683
 
 , 688 (2003). Furthermore, larceny of a motor vehicle requires proof of asportation but not possession, while possession of a stolen vehicle requires proof of possession but not asportation.
 
 State v. Perry,
 

 305 N.C. 225
 
 , 234,
 
 287 S.E.2d 810
 
 , 815 (1982),
 
 overruled in part on other grounds by
 

 State v. Mumford,
 

 364 N.C. 394
 
 , 402,
 
 699 S.E.2d 911
 
 , 916 (2010). In other words, "[e]ach crime 'requires proof of an additional fact which the other does not.' "
 

 Id.
 

 (quoting
 
 Blockburger v. United States,
 

 284 U.S. 299
 
 , 304,
 
 52 S.Ct. 180
 
 , 182,
 
 76 L.Ed. 306
 
 , 309 (1932) ).
 

 III. Conclusion
 

 The trial court erred by assigning an additional point pursuant to N.C. Gen.Stat. § 15A-1340.14(b)(6) to calculate defendant's prior record level. No prior conviction in defendant's criminal record contains all the elements of possession of a stolen vehicle. Therefore, we remand for appropriate resentencing.
 

 REMANDED FOR RESENTENCING.
 

 Judges CALABRIA and ZACHARY concur.
 

 Report per Rule 30(e).