DAVIS, Judge.
*782 This case requires us to revisit the question of which types of issues may be the *846 subject of a valid stipulation by a defendant in connection with a plea agreement. James Edward Arrington ("Defendant") appeals from his convictions for assault with a deadly weapon inflicting serious injury, felony failure to appear, and attaining the status of a habitual felon. Because we conclude that the trial court improperly accepted Defendant's stipulation as to an issue of law, we vacate its judgment and remand for further proceedings.
Factual and Procedural Background
On 5 May 2014, Defendant was indicted for assault with a deadly weapon inflicting serious injury and attaining the status of a habitual felon. On 3 November 2014, he was also charged with felony failure to appear in connection with that assault charge. He was subsequently charged on 3 August 2015 with an additional count of attaining the status of a habitual felon.
Defendant and the State entered into a plea agreement whereby it was agreed that (1) he would plead guilty to assault with a deadly weapon inflicting serious injury, felony failure to appear, and attaining the status of a habitual felon; and (2) the State would dismiss the second habitual felon charge. The plea agreement also reflected that Defendant would be sentenced as a habitual felon in the mitigated range and that he "stipulated that he ha[d] 16 points and [was] a Level V for Habitual Felon sentencing purposes."
In connection with this plea agreement, the parties submitted to the trial court a prior record level worksheet for Defendant containing a stipulation as to the existence of six prior convictions generating prior record level points. One of the convictions listed was a second-degree murder conviction from 1994 (the "1994 Conviction"), which was designated in the worksheet as a Class B1 offense. The 1994 Conviction gave rise to 9 of the 16 total prior record level points reflected on the worksheet pursuant to N.C. Gen. Stat. § 15A-1340.14(b)(1a).
A plea hearing was held in Buncombe County Superior Court before the Honorable Alan Z. Thornburg on 14 September 2015. During the hearing, Defendant's counsel stipulated to Defendant's designation as a Level V offender as stated on the prior record level worksheet. Defendant then pled guilty to assault with a deadly weapon inflicting serious injury, felony failure to appear, and attaining the status of a habitual felon. The second habitual felon charge was dismissed. The trial court consolidated *783 Defendant's convictions and sentenced him as a habitual felon to 96 to 128 months imprisonment.
Analysis
I. Appellate Jurisdiction
As an initial matter, we must address whether we have jurisdiction over the present appeal. Defendant's sole argument is that the trial court erred by accepting his plea agreement because it was based upon an invalid stipulation of law that resulted in an incorrect calculation of his prior record level. As a result, Defendant argues, he was improperly sentenced as a Level V offender rather than a Level IV offender. Pursuant to N.C. Gen. Stat. § 15A-1444, a defendant who pleads guilty to a criminal offense in superior court is entitled to an appeal as a matter of right regarding the issue of whether the sentence imposed "[r]esult[ed] from an incorrect finding of the defendant's prior record level...." N.C. Gen. Stat. § 15A-1444(a2)(1) (2015).
Defendant, however, did not file a notice of appeal that strictly conformed to Rule 4 of the North Carolina Rules of Appellate Procedure. He instead submitted a letter to the Buncombe County Clerk of Court on 21 September 2015 expressing his dissatisfaction with his plea agreement. Because of his failure to comply with Rule 4, Defendant's appeal is subject to dismissal. However, Defendant has filed a petition for writ of certiorari requesting that we consider his appeal notwithstanding his violation of Rule 4.
Pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure, this Court may, in its discretion, grant a petition for writ of certiorari and review an order or judgment entered by the trial court "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C. R. App. P. 21(a)(1). In our discretion, we elect to grant Defendant's petition for writ of certiorari and reach the merits of his appeal.
*847 II. Validity of Defendant's Stipulation
Before imposing a sentence for a felony conviction, the trial court must determine the defendant's prior record level, N.C. Gen. Stat. § 15A-1340.13(b) (2015), which is calculated by adding together the points assigned to each of the defendant's qualifying prior convictions, N.C. Gen. Stat. § 15A-1340.14(a). Points are assessed based upon the classification of the prior offense, and "the classification of a prior offense is the classification assigned to that offense at the time the offense for which the offender is being sentenced is committed [,]"
*784 N.C. Gen. Stat. § 15A-1340.14(c) (emphasis added), rather than at the time the prior offense was committed.
"The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists[,]" State v. Alexander , 359 N.C. 824, 827, 616 S.E.2d 914, 917 (2005) (citation and quotation marks omitted), and may-as a general matter-establish the existence of the defendant's prior convictions through any of the following means:
(1) Stipulation of the parties.
(2) An original or copy of the court record of the prior conviction.
(3) A copy of records maintained by the Department of Public Safety, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
(4) Any other method found by the court to be reliable.
N.C. Gen. Stat. § 15A-1340.14(f).
While a sentencing worksheet alone is insufficient to satisfy the State's burden of establishing a defendant's prior record level, "a sentencing worksheet coupled with statements by counsel may constitute a stipulation by the parties to the prior convictions listed therein." State v. Hinton , 196 N.C.App. 750, 752, 675 S.E.2d 672, 674 (2009). Notably, however, we have held that
[w]hile a stipulation by a defendant is sufficient to prove the existence of the defendant's prior convictions, which may be used to determine the defendant's prior record level for sentencing purposes, the trial court's assignment of defendant's prior record level is a question of law. Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate .
State v. Wingate , 213 N.C.App. 419, 420, 713 S.E.2d 188, 189 (2011) (internal citation and quotation marks omitted and emphasis added). This principle is premised upon the longstanding doctrine in North Carolina that, "[g]enerally, stipulations as to matters of law are not binding upon courts." State v. McLaughlin , 341 N.C. 426, 441, 462 S.E.2d 1, 8 (1995) ; see also Quick v. United Benefit Life Ins. Co. , 287 N.C. 47, 56, 213 S.E.2d 563, 569 (1975) ("[T]he stipulation was one of law and therefore not binding upon the court." (citation omitted)).
*785 Here, Defendant purported to stipulate in his prior record level worksheet and during his plea colloquy both to the existence of several prior convictions, which resulted in the assessment of 16 prior record level points, and to his designation as a Level V offender. See N.C. Gen. Stat. § 15A-1340.14(c)(5) (providing that defendant with between 14 and 17 prior record level points is a Level V offender). As reflected in his prior record level worksheet, one of the convictions contributing to his total of 16 prior record level points was the 1994 Conviction, which Defendant stipulated was a Class B1 felony.
On appeal, Defendant argues that the calculation of his prior record level was incorrect because the 1994 Conviction should have instead been counted as a Class B2 felony, for which only six prior record level points would have been assessed, see N.C. Gen. Stat. § 15A-1340.14(b)(2).[1] He contends his stipulation that the 1994 Conviction was a Class B1 felony was invalid because it concerned a legal issue and thus should not have been accepted by the trial court. The State, conversely, argues that Defendant's stipulation pertained to a factual issue and was therefore valid. For the reasons set out below, *848 we agree with Defendant that the stipulation was invalid.
At the time of Defendant's 1994 Conviction, North Carolina's murder statute, N.C. Gen. Stat. § 14-17, placed all second-degree murder convictions in the same felony class. See 1981 N.C. Sess. Laws 957, 957, ch. 662, § 1 (designating second-degree murder as Class C felony). However, between 1994 and the date on which the Defendant committed the offenses giving rise to the present appeal, the General Assembly amended this statute by dividing the offense of second-degree murder into two classes-B1 and B2-which were distinguished based upon the type of malice present in the commission of the offense. See N.C. Gen. Stat. § 14-17(b) (2015).[2] Therefore, at the time Defendant committed the *786 offenses from which the current appeal arises, the amended version of N.C. Gen. Stat. § 14-17, which created two classes of second-degree murder, controlled the classification of the 1994 Conviction for prior record level purposes.
Accordingly, Defendant's stipulation in connection with his guilty plea went beyond a factual admission that the 1994 Conviction existed. Instead, it constituted a stipulation as to the issue of whether the 1994 Conviction should be treated as a Class B1 or Class B2 felony-a question that required the retroactive application of a distinction in classifications that did not exist at the time of Defendant's conviction in 1994 and thus required a legal analysis as to how the 1994 Conviction would be classified under the new statutory scheme. Therefore, because Defendant's stipulation involved a question of law, it should not have been accepted by the trial court and is not binding on appeal. See State v. Hanton , 175 N.C.App. 250, 253, 623 S.E.2d 600, 603 (2006) ("Stipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate[.]" (citation and quotation marks omitted)).
Although our Supreme Court has yet to address this precise issue, our conclusion is consistent with the Court's decisions in this general context. Alexander articulates the basic rule that a defendant may stipulate to the existence of a prior conviction. In that case, the defendant pled guilty to assault with a deadly weapon with intent to kill inflicting serious injury. Alexander , 359 N.C. at 825, 616 S.E.2d at 915. In connection with his plea, the defendant submitted a prior record level worksheet that contained a conviction described as "Class A1 or 1 Misdemeanor Conviction" next to which appeared the numeral one to represent the number of prior record level points to be assessed for that conviction. Id. at 826, 616 S.E.2d at 916. During sentencing, the defendant's counsel stated that "up until this particular case [the defendant] had no felony convictions, as you can see from his worksheet." Id. (quotation marks omitted). The trial court proceeded to sentence the defendant as a Level II offender because he possessed one prior record level point. Id.
*787 On appeal, the defendant argued that the State had failed to carry its burden of establishing his prior record level because "the State offered no court records or other official records in support of its assertion that defendant had one prior Class A1 misdemeanor conviction." Id. at 827, 616 S.E.2d at 917 (quotation marks and brackets omitted). The Supreme Court rejected the defendant's challenge, explaining that his prior record level worksheet, in conjunction with his counsel having "specifically directed the trial court to refer to the worksheet ..." constituted a valid stipulation as to the existence of the prior conviction on the worksheet, thus satisfying the State's burden underN.C.
*849 Gen. Stat. § 15A-1340.14(f). Id. at 830, 616 S.E.2d at 918.
Accordingly, Alexander stands for the proposition-which Defendant here does not contest-that the State may establish a prior conviction by the defendant's stipulation to the existence of that conviction through (1) the presentation of a prior record level worksheet (2) that his counsel in some manner references or adopts at sentencing. As we stated in Hinton , "a sentencing worksheet coupled with statements by counsel may constitute a stipulation by the parties to the prior convictions listed therein." Hinton , 196 N.C.App. at 752, 675 S.E.2d at 674 (emphasis added).
Thus, the principal issue in Alexander was whether the particular statement of counsel regarding the worksheet was sufficient to constitute a stipulation as to the existence of a prior conviction. There was no legal ambiguity-as there is in the present case-regarding the classification of the prior conviction. Moreover, the defendant in Alexander never challenged the accuracy of the information (including the offense classification) contained in the worksheet, whereas Defendant makes such a challenge here.
The Supreme Court's recent decision in State v. Sanders , 367 N.C. 716, 766 S.E.2d 331 (2014), illustrates how legal questions related to the determination of a prior record level are for the trial court to resolve. Sanders dealt with the issue of whether an out-of-state conviction was "substantially similar" to a North Carolina offense for purposes of assessing prior record level points under N.C. Gen. Stat. § 15A-1340.14(e). The Court explained that the "determination of whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense." Id. at 720, 766 S.E.2d at 334.
The Supreme Court cited the Hanton line of cases for this proposition. Id. In Hanton , we concluded that a defendant could not stipulate *788 to the substantial similarity of two offenses because such a comparison presents legal questions, and "[s]tipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate. This rule is more important in criminal cases, where the interests of the public are involved." Hanton , 175 N.C.App. at 253, 623 S.E.2d at 603.
Given our Supreme Court's determination in Sanders that a comparison of the elements of an out-of-state offense to the corresponding elements of a North Carolina offense for purposes of determining substantial similarity is a question of law, we can discern no logical basis for reaching a contrary conclusion regarding how a prior conviction would be classified under a statute that was not in existence at the time the prior offense was committed. Both situations involve matters of pure legal interpretation that must be addressed by the trial court rather than resolved through a stipulation between the parties.
In reaching a contrary conclusion, the dissent seeks to rely on Wingate . In Wingate the defendant stipulated in connection with his guilty plea that he had previously been convicted of "one count of conspiracy to sell or deliver cocaine and two counts of selling or delivering cocaine" and that these three convictions were Class G felonies. Wingate , 213 N.C.App. at 420, 713 S.E.2d at 189 (emphasis added).
On appeal, the defendant argued that "there was insufficient proof to establish whether he had previously been convicted of one count of conspiracy to sell cocaine and two counts of selling cocaine, which are Class G felonies, or whether he was convicted of one count of conspiracy to deliver cocaine and two counts of delivery of cocaine, which are Class H felonies." Id. The defendant contended that the ambiguity regarding whether these prior convictions involved selling offenses or delivering offenses involved an issue of law rather than of fact. Thus, he contended, the trial court erred by accepting his stipulation that these prior convictions were Class G felonies. Id. at 419, 713 S.E.2d at 189.
We disagreed, holding that because the defendant had "stipulated that the three convictions at issue were Class G felonies[, t]he trial court could, therefore, rely on this factual stipulation in making its calculations and the State's burden of proof was met."
*850 Id. at 421, 713 S.E.2d at 190. We emphasized that the "defendant does not assert that he was, in fact, convicted of one count of conspiring to deliver cocaine and two counts of delivering cocaine, as opposed to one count of conspiring to sell cocaine and two counts of selling cocaine. In other words, defendant does not dispute the accuracy of his prior conviction level or his *789 prior record level." Id. We summarized our holding by characterizing the defendant's stipulation as constituting "sufficient proof of his prior convictions ." Id. (emphasis added).
It is important to note that in Wingate (unlike in the present case) there was no relevant change in the statute at issue- N.C. Gen. Stat. § 90-95(b) -between the time of the defendant's prior convictions and the commission of the offense giving rise to his sentencing. Rather, the statute at all relevant times placed the sale of cocaine and the delivery of cocaine into two distinct classes. Therefore, when the defendant in Wingate stipulated to having been convicted of "one count of conspiracy to sell or deliver cocaine and two counts of selling or delivering cocaine" and then stipulated that these were, in fact, Class G offenses, he was simply resolving the factual question of whether he been convicted of the selling offenses or the delivering offenses.
The dissent's overly broad characterization of Wingate as holding that the classification assigned to a prior conviction is always a factual determination is at odds with the actual language of that decision. We held in Wingate that "in this case , the class of felony for which defendant was previously convicted was a question of fact, to which defendant could stipulate, and was not a question of law requiring resolution by the trial court." Id. at 420, 713 S.E.2d at 190 (emphasis added). This was so because under the particular facts of Wingate the defendant's stipulation that the prior convictions were Class G felonies was related to a factual determination-i.e., that the defendant actually had been convicted of one count of conspiracy to sell cocaine and two counts of selling cocaine. No legal analysis was required to make that determination. Accordingly, Wingate stands for the proposition that a stipulation regarding the offense class of a prior conviction is permissible when the stipulation resolves a factual ambiguity regarding the specific prior offense for which the defendant had actually been convicted. That is simply not the case here.
We wish to emphasize that the present case constitutes a narrow exception to the general rule regarding a defendant's ability to stipulate to matters in connection with his prior record level. A stipulation as to the classification of a prior conviction is permissible so long as it does not attempt to resolve a question of law. In the great majority of cases in which a defendant makes such a stipulation, the stipulation will be valid because it does not concern an issue requiring legal analysis.
The present case falls within a small minority of cases in which the stipulation did concern a question of law. Here, because Defendant's *790 purported stipulation that his prior conviction was a B1 felony went beyond a factual admission that the 1994 Conviction existed and instead constituted a stipulation as to the legal issue of how that conviction should be treated under the current version of N.C. Gen. Stat. § 14-17, the stipulation should not have been accepted by the trial court and is not binding on appeal. The dissent does not (and cannot) explain how the proper classification of the 1994 Conviction under the new version of the statute could be retroactively ascertained without engaging in a legal analysis-absent the type of invalid stipulation that occurred here.
Having determined that Defendant's stipulation was invalid, the only remaining question is the effect of our holding on Defendant's guilty plea. Both the State and Defendant agree in their briefs that in the event we determine the trial court erred in accepting Defendant's stipulation, we should vacate the judgment and set aside his plea agreement. We agree. See, e.g. , State v. Rico , 218 N.C.App. 109, 122, 720 S.E.2d 801, 809 (Steelman, J., dissenting) (concluding that judgment should be vacated and guilty plea set aside and that case must be remanded for disposition of original charges where trial court erroneously imposed aggravated sentence based solely on defendant's guilty plea and stipulation as to aggravating factor), rev'd per curiam for *851 reasons stated in dissent , 366 N.C. 327, 734 S.E.2d 571 (2012).
Accordingly, the judgment entered by the trial court upon Defendant's guilty plea must be vacated and his plea agreement set aside. We remand to the trial court for disposition of the charges against him.
Conclusion
For the reasons stated above, we vacate the trial court's judgment, set aside Defendant's plea agreement, and remand for further proceedings not inconsistent with this opinion.
VACATED AND REMANDED.
Chief Judge McGEE concurs.
Judge BERGER dissents by separate opinion.

Had the 1994 Conviction been classified as a Class B2 felony, this would have resulted in Defendant having a total of only 13 prior record level points and thus being designated as a Level IV offender rather than a Level V offender. See N.C. Gen. Stat. § 15A-1340.14(c)(4) (providing that defendant possessing between 10 and 13 prior record level points is Level IV offender).

The revised statute provides that all second-degree murders are now designated as Class B1 felonies except that they are Class B2 felonies in the following two circumstances:
(1) The malice necessary to prove second degree murder is based on an inherently dangerous act or omission, done in such a reckless and wanton manner as to manifest a mind utterly without regard for human life and social duty and deliberately bent on mischief.
(2) The murder is one that was proximately caused by the unlawful distribution of opium or any synthetic or natural salt, compound, derivative, or preparation of opium, or cocaine or other substance described in G.S. 90-90(1) d., or methamphetamine, and the ingestion of such substance caused the death of the user.
N.C. Gen. Stat. § 14-17(b).