BERGER, Judge, dissenting.
Defendant contends in his brief that he was "sentenced as a Level V offender when his prior record supported only a Level IV sentence." The majority agrees with Defendant and vacates his guilty plea and sentence. I respectfully dissent from the majority opinion.
*791 On September 14, 2015, Defendant pleaded guilty in Buncombe County Superior Court to assault with a deadly weapon inflicting serious injury, felony failure to appear, and having attained habitual felon status. Pursuant to a plea arrangement, the State dismissed a separate habitual felon indictment against Defendant. The parties agreed to the following terms:
The defendant stipulates that he has 16 points and is a Level V for Habitual Felon sentencing purposes.
The State agrees that [the felony failure to appear charge] will be consolidated for sentencing purposes into [the assault with a deadly weapon inflicting serious injury charge]. The defendant will be sentenced as an Habitual Felon in the mitigated range.
In conjunction with his plea of guilty, Defendant stipulated to his prior convictions and their classifications on his "Worksheet Prior Record Level for Felony Sentencing," which included a 1994 North Carolina conviction for second degree murder. Defendant stipulated that the murder conviction should be classified as a B1 felony. Defendant further stipulated, and the trial court found, that Defendant had sixteen prior record points and was a prior record level V for sentencing purposes. Pursuant to the terms and conditions of the plea agreement, the trial court sentenced Defendant as an habitual felon to an active term of imprisonment for 96 to 128 months.
During sentencing, the State is required to prove a defendant's prior convictions by a preponderance of the evidence, and one method of proof is a "[s]tipulation of the parties." N.C. Gen. Stat. § 15A-1340.14(f) (2015). As this Court has stated, "[t]he existence of a prior conviction ... requires a factual finding" which may be proven through a stipulation. State v. Powell , 223 N.C.App. 77, 80, 732 S.E.2d 491, 493-94 (2012) (citation omitted).
Proof of a prior conviction is necessary for the proper classification of the prior offense. This Court has previously held that the classification assigned to a prior conviction is a factual determination. In State v. Wingate , 213 N.C.App. 419, 713 S.E.2d 188 (2011), the defendant stipulated that his prior convictions for one count of conspiracy to sell or deliver cocaine and two counts of selling or delivering cocaine were class G felonies. Id . at 420, 713 S.E.2d at 189. On appeal, that defendant argued the State failed to prove whether his convictions were for the class G felonies listed above or the class H felonies of delivery of cocaine. Id . at 420, 713 S.E.2d at 189-90. This Court held:
*792 in this case, the class of felony for which defendant was previously convicted was a question of fact, to which defendant could stipulate, and was not a question of law requiring resolution by the trial court.... The prior conviction worksheet expressly sets forth the class of offense to which a defendant stipulates and defendant in this case has not cited to any authority, nor have we found any, that requires the trial court to ascertain, as a matter of law, the class of each offense listed.
Id. at 420-21, 713 S.E.2d at 190 (emphasis added). See also State v. Wilson , 232 N.C.App. 523, 757 S.E.2d 526 (2014) (unpublished) (holding that the labeling of a criminal *852 conviction and its punishment classification is a question of fact); State v. Edgar , --- N.C.App. ----, ----, 777 S.E.2d 766, 769 (2015) (defendant's stipulation to prior offense and out-of-state classification "did not implicate any conclusions or questions of law")[3] ; and State v. Brown , 221 N.C.App. 670, 729 S.E.2d 127 (2012) (unpublished) (holding no error in assignment of points based upon parties' stipulations).
The majority correctly states that prior to imposing a sentence, the trial court determines a defendant's prior record level pursuant to N.C. Gen. Stat. § 15A-1340.13. Determination of a defendant's prior record level, however, differs from determination of the existence of prior convictions and classification thereof. A defendant's "prior record level ... is determined by calculating the sum of the points assigned to each of the offender's prior convictions." N.C. Gen. Stat. § 15A-1340.14(a) (2015) (emphasis added). Thus, the calculation of the sum of points used to determine a defendant's prior record level is a legal question undertaken by the trial court. See Wingate , 213 N.C.App. at 420, 713 S.E.2d at 189 ("[T]he trial court's assignment of defendant's prior record level is a question of law." (citation omitted)); State v. Williams , 200 N.C.App. 767, 771, 684 S.E.2d 898, 901 (2009) ("[T]he trial court's assignment of a prior record level is a conclusion of law...." (citation and quotation marks omitted)); State v. Bohler , 198 N.C.App. 631, 633, 681 S.E.2d 801, 804 (2009) ("The *793 determination of an offender's prior record level is a conclusion of law that is subject to de novo review on appeal." (citation omitted)).
Here, Defendant stipulated to the 1994 North Carolina conviction for second-degree murder listed on his prior record level worksheet. In addition, defense counsel was asked in open court during the sentencing hearing if Defendant stipulated "to the contents of the sentencing worksheet." Defendant did not question any item set forth on the worksheet, nor did he or his counsel object to the offenses or classifications set forth thereon. Instead, defense counsel responded, "We will stipulate to the sentencing sheet." Defense counsel also informed the court during sentencing, "There's nothing I can deny about [Defendant's] record, absolutely nothing."
Classification of prior offenses is determined "at the time the offense for which the offender is being sentenced is committed." N.C. Gen. Stat. § 15A-1340.14(c) (2015). When Defendant was convicted of second degree murder, that offense was classified as a B2 felony. Based upon a change to N.C. Gen. Stat. § 14-17 in 2012, however, second degree murder can now be classified as either a B1 or B2 felony. See 2012 N.C. Sess. Laws 781, 782, ch. 165, § 1. Defendant expressly stipulated to the classification of his second degree murder conviction as a B1 felony, consistent with N.C. Gen. Stat. § 14-17(b) (2015).
Prior convictions which are classified as B1 felonies are assigned nine prior record points. N.C. Gen. Stat. § 15A-1340.14(b)(1a) (2015). The sentencing worksheet, to which Defendant stipulated, properly assigned nine points to Defendant's B1 felony classification. The trial court accurately calculated Defendant's assigned points and specifically found, "the prior convictions, prior record points[,] and the prior record level of the defendant to be as shown herein."
The trial court designated Defendant as having a prior record level V. The assignment of nine points based upon the classification of the prior offense as a B1 felony is not inconsistent with N.C. Gen. Stat. § 15A-1340.14(b), and the calculations involved in designating Defendant as a prior record level V offender for sentencing are not inconsistent with N.C. Gen. Stat. § 15A-1340.14(c). It cannot be said that the trial court incorrectly calculated Defendant's prior record level.
Defendant entered into a valid stipulation regarding the classification of his prior murder *853 conviction and was properly sentenced as a level V offender. I would affirm the trial court's judgment.

State v. Edgar addressed a question of the substantial similarity of an out-of-state conviction pursuant to N.C. Gen. Stat. § 15A-1340.14(e). The defendant in Edgar stipulated to the default Class I classification for out-of-state felonies, so the legal question of substantial similarity under the statute was not implicated.
Here, however, there is no statute or controlling authority that requires any such comparison of prior in-state convictions for which the parties have stipulated. Certainly, a hearing could be held, and the State put to its proof, if a defendant objected to a prior conviction or its classification.