IN THE SUPREME COURT OF NORTH CAROLINA

No. 60A14

19 December 2014

STATE OF NORTH CAROLINA

v.

RONDELL LUVELL SANDERS


Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 753 S.E.2d 713 (2014), affirming in part and remanding for resentencing in part a judgment entered on 15 February 2013 by Judge Wayland J. Sermons, Jr. in Superior Court, Beaufort County. Heard in the Supreme Court on 18 November 2014.

> *Roy Cooper, Attorney General, by Laura E. Parker, Assistant Attorney General, for the State-appellant.*

> *W. Michael Spivey for defendant-appellee.*


BEASLEY, Justice.

On 19 November 2009, a jury found Rondell Luvell Sanders ("defendant") guilty of robbery with a dangerous weapon. At sentencing, the trial court awarded sentencing points for defendant's two prior Tennessee misdemeanor convictions, finding the Tennessee offenses of "theft of property" and "domestic assault" to be substantially similar to North Carolina offenses. On appeal, the Court of Appeals remanded the case and instructed the trial court to consider the elements of the

offenses, rather than their punishments, when determining substantial similarity. *State v. Sanders*, ___ N.C. App. ___, 736 S.E.2d 238 (2013). On remand, the trial court considered the elements and determined the Tennessee offenses to be substantially similar to the North Carolina offenses of "larceny" and "assault on a female." It is from the trial court's order on remand that defendant presently appeals.

In its opinion, the Court of Appeals affirmed in part and remanded in part the trial court's judgment. *State v. Sanders*, ___ N.C. App. ___, ___, 753 S.E.2d 713, 717 (2014). The court unanimously affirmed the trial court's determination that the Tennessee offense of "theft of property" is substantially similar to the North Carolina offense of "larceny."[1] *Id.* at ___, 753 S.E.2d at 716. The Court of Appeals majority held that the trial court erred in finding the Tennessee offense of "domestic assault" to be substantially similar to the North Carolina offense of "assault on a female." *Id.* at ___, 753 S.E.2d at 717. The majority concluded that the elements of the Tennessee offense differed from the North Carolina offense to such an extent that the two offenses were not substantially similar. *Id.* at ___, 743 S.E.2d at 717. The dissent disagreed, and would have held that, because the purposes of the two states' offenses are similar and because additional evidence in the record would demonstrate that defendant's conduct would satisfy the elements of the North

---

[1] This Court denied defendant's petition for discretionary review of this unanimous holding on 11 June 2014. ___ N.C. ___, 758 S.E.2d 861 (2014).

Carolina offense, the State met its burden of establishing the two offenses' substantial similarity by a preponderance of the evidence. *Id.* at ___, 753 S.E.2d at 719-20 (Bryant, J., dissenting). The State appeals the holding of the Court of Appeals on the basis of the dissent pursuant to N.C.G.S. § 7A-30(2).

Subsection 15A-1340.14(e) governs the assignment of sentencing points for prior convictions in other jurisdictions and states, in pertinent part, that

> [i]f the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

N.C.G.S. § 15A-1340.14(e) (2013). This Court has not addressed the comparison of out-of-state offenses with North Carolina offenses for purposes of determining substantial similarity under N.C.G.S. § 15A-1340.14(e).

First, the State argues that the trial court did not err in determining the Tennessee offense of "domestic assault" and the North Carolina offense of "assault on a female" to be substantially similar without reviewing the Tennessee statute defining the offense of "assault."

The Court of Appeals has held that, for purposes of determining "substantial similarity" under N.C.G.S. § 15A-1340.14(e), a party may establish the elements of an out-of-state offense by providing "evidence of the statute law of such state."

*State v. Rich*, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52 (citing N.C.G.S. § 8-3), *disc. rev. denied*, 349 N.C. 237, 516 S.E.2d 605 (1998).  Further, the Court of Appeals has consistently held that when evidence of the applicable law is not presented to the trial court, the party seeking a determination of substantial similarity has failed to meet its burden of establishing substantial similarity by a preponderance of the evidence.  *See, e.g.*, *State v. Burgess*, 216 N.C. App. 54, 57-58, 715 S.E.2d 867, 870 (2011) (holding that the State failed to present sufficient evidence of out-of-state convictions' similarity to North Carolina offenses when, *inter alia*, the State provided copies of the 2008 version of the applicable out-of-state statutes, but did not present evidence that the statutes were unchanged from the 1993 and 1994 versions under which the defendant had been convicted); *State v. Wright*, 210 N.C. App. 52, 70-72, 708 S.E.2d 112, 125-26 (holding that when the State did not provide evidence of the New York and Connecticut statutes under which the defendant had been convicted, did not submit copies of the applicable out-of-state statutes, and did not furnish a comparison of the statutes' provisions with the laws of North Carolina, the State failed to demonstrate the substantial similarity of the out-of-state convictions to North Carolina crimes), *disc. rev. denied*, 365 N.C. 200, 710 S.E.2d 9 (2011); *State v. Morgan*, 164 N.C. App. 298, 309, 595 S.E.2d 804, 812 (2004) (holding that the State failed to meet its burden of showing that the defendant's prior conviction was substantially similar to a North Carolina offense when it offered the 2002 version of the applicable New Jersey statute governing the defendant's 1987 New Jersey conviction, but failed to present any evidence that the statute was unchanged from 1987 to 2002).

Section 39-13-111 of the Tennessee Code Annotated provides that "[a] person commits domestic assault who commits an assault as defined in § 39-13-101 against a domestic abuse victim." Tenn. Code Ann. § 39-13-111(b) (2009). Section 39-13-101 of the Tennessee Code Annotated, in turn, establishes that someone commits an "assault" when he or she: "(1) Intentionally, knowingly or recklessly causes bodily injury to another; (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." *Id.* § 39-13-101(a)(1)-(3) (2009). Here the State provided the trial court with a photocopy of the 2009 version[2] of Tenn. Code Ann. § 39-13-111, but did not give the trial court a photocopy of Tenn. Code Ann. § 39-13-101.

We agree with the Court of Appeals that for a party to meet its burden of establishing substantial similarity of an out-of-state offense to a North Carolina offense by the preponderance of the evidence, the party seeking the determination of substantial similarity must provide evidence of the applicable law. We therefore hold that it was error for the trial court to determine that Tenn. Code Ann. § 39-13-111 was substantially similar to a North Carolina offense without reviewing Tenn.

---

[2] We note that the 2009 version was not, in fact, the version of the statute actually in force at the time of defendant's Tennessee conviction. After defendant was convicted on 6 January 2009, the statute was amended to add subsection (c)(3). Tenn. Code Ann. § 39-13-111 (2009) (showing the effective date of the 2009 amendment to Tenn. Code Ann. § 39-13-111 as 1 July 2009).

Code Ann. § 39-13-101, which is explicitly referenced by Tenn. Code Ann. § 39-13-111 and defines Tennessee's statutory elements of assault.

Second, the State argues the trial court did not err in its determination that the Tennessee offense of "domestic assault" and the North Carolina offense of "assault on a female" were substantially similar. The State urges this Court to look beyond the elements of the offenses and consider (1) the underlying facts of defendant's out-of-state conviction, and (2) whether, considering the legislative purpose of the respective statutes defining the offenses, the North Carolina offense is "suitably equivalent" to the out-of-state offense.

In North Carolina, "any person who commits [an] assault" is guilty of a class A1 misdemeanor "if, in the course of the assault, . . . he or she . . . [a]ssaults a female, he being a male person at least 18 years of age." N.C.G.S. § 14-33(c), (c)(2) (2013). The offense "assault on a female" thus requires that (1) the assailant be male, (2) the assailant be at least eighteen years old, and (3) the victim of the assault be female. *Id.*, § 14-33(c)(2). The offense does not require that any type of relationship exist between the assailant and the victim.

In comparison, a person in Tennessee is guilty of the offense of domestic assault if that person "commits an assault as defined in § 39-13-101 against a domestic abuse victim." Tenn. Code Ann. § 39-13-111(b) (2009). Subsection 39-13-

-6-

111(a) of the Tennessee statutes specifically defines a "domestic abuse victim" as "any person who falls within the following categories:"

> (1) Adults or minors who are current or former spouses;
> (2) Adults or minors who live together or who have lived together;
> (3) Adults or minors who are dating or who have dated or who have or had a sexual relationship, but does not include fraternization between two (2) individuals in a business or social context;
> (4) Adults or minors related by blood or adoption;
> (5) Adults or minors who are related or were formerly related by marriage; or
> (6) Adult or minor children of a person in a relationship that is described in subdivisions (a)(1)-(5).

Tenn. Code Ann. § 39-13-111(a) (2009). The offense thus requires that the person being assaulted fall within at least one of these six enumerated categories of domestic relationships. The offense does not require the victim to be female or the assailant to be male and of a certain age.

The Court of Appeals has stated, and we agree, that "[d]etermination of whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense." *State v. Fortney*, 201 N.C. App. 662, 671, 687 S.E.2d 518, 525 (2010) (citing *State v. Hanton*, 175 N.C. App. 250, 255, 623 S.E.2d 600, 604 (2006)). The Court of Appeals has appropriately determined certain offenses to be insufficiently similar by comparing the elements of out-of-state and North Carolina offenses. *See, e.g., State v. Hogan*, ___ N.C. App. ___, ___, 758

S.E.2d 465, 474 (concluding that the New Jersey offense of third-degree theft is not substantially similar to the North Carolina offense of misdemeanor larceny "[g]iven the disparity in elements" between the definitions of the two offenses), *appeal dismissed and disc. rev. denied*, ___ N.C. ___, 762 S.E.2d 465 (2014); *Hanton*, 175 N.C. App. at 258-59, 623 S.E.2d at 606 (determining that the New York offense of second-degree assault is not substantially similar to the North Carolina offense of assault inflicting serious injury because, unlike the North Carolina offense, the New York offense does not require that the defendant cause "serious" physical injury). After comparing the elements of the Tennessee offense of "domestic assault" and the North Carolina offense of "assault on a female," we must conclude that the offenses are not substantially similar. Indeed, a woman assaulting her child or her husband could be convicted of "domestic assault" in Tennessee, but could not be convicted of "assault on a female" in North Carolina. A male stranger who assaults a woman on the street could be convicted of "assault on a female" in North Carolina, but could not be convicted of "domestic assault" in Tennessee.

We therefore hold that the trial court erred in determining the two offenses to be substantially similar. Accordingly, we affirm the holding of the Court of Appeals on this issue and remand this case to the Court of Appeals for further remand to the trial court for resentencing consistent with this opinion.

AFFIRMED AND REMANDED.