IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-336

No. COA21-434

Filed 17 May 2022

Forsyth County, No. 20CRS1733

IN THE MATTER OF:

TERRELL McILWAIN, Petitioner.

Appeal by Petitioner from order entered 22 March 2021 by Judge David L. Hall in Forsyth County Superior Court. Heard in the Court of Appeals 9 February 2022.

*Appellate Defender Glenn Gerding and Assistant Appellate Defender Andrew DeSimone for Petitioner-Appellant.*

*Attorney General Joshua H. Stein, by Assistant Attorney General Alex R. Williams, for the State-Appellee.*

COLLINS, Judge.

¶ 1 Petitioner Terrell McIlwain appeals the trial court's order requiring him to register in North Carolina as a sex offender based on a Texas conviction for possession or promotion of lewd visual material depicting a child. Petitioner argues that the trial court erred by concluding that the Texas offense of possession or promotion of lewd visual material depicting a child is substantially similar to the North Carolina offense of second-degree exploitation of a minor. We conclude that the offenses are substantially similar and we affirm the trial court's order.

## I.   Background

Petitioner Terrell McIlwain was convicted in July 2020 of possession or promotion of lewd visual material depicting a child, under Texas Penal Code § 43.262 ("Texas offense"). Petitioner was notified in December 2020 that he was required by law to register in North Carolina as a sex offender, based on his out-of-state conviction, and of his right to contest the requirement to register.

Petitioner filed a petition, pursuant to N.C. Gen. Stat. § 14-208.12B, contesting his required registration. The matter came on for hearing on 22 March 2021. The trial court found the Texas offense was substantially similar to the North Carolina offense of second-degree exploitation of a minor, under N.C. Gen. Stat. § 14-190.17(a) ("North Carolina offense"), a conviction requiring a person to register in North Carolina as a sex offender. The trial court entered a written order requiring Petitioner to register as a sex offender.

Petitioner timely appealed.

## II.   Discussion

Petitioner argues the trial court erred by finding that the Texas offense is substantially similar to the North Carolina offense and thus, erred by ordering him to register as a sex offender.

## A. Standard of Review

Whether an out-of-state offense is substantially similar to a North Carolina offense is a question of law, reviewed de novo on appeal. *State v. Fortney*, 201 N.C. App. 662, 669, 687 S.E.2d 518, 524 (2010).

## B. Analysis

A conviction requiring a person to register in North Carolina as a sex offender ("reportable conviction") includes "[a] final conviction in another state of an offense, which if committed in this State, is substantially similar to an offense against a minor or a sexually violent offense" as defined in Section 14-208.6(5). N.C. Gen. Stat. § 14-208.6(4)(b) (2020). Second-degree sexual exploitation of a minor is a sexually violent offense. *See id.* §§ 14-208.6(5), 14-190.17 (2020). When a person files a petition for a judicial determination regarding whether they must register in North Carolina as a sex offender based on an out-of-state conviction, the trial court must determine whether the conviction for the out-of-state offense "is substantially similar to a reportable conviction" in North Carolina. *Id.* § 14-208.12B(d) (2020). At the hearing on the petition, the State "has the burden to prove by a preponderance of the evidence, that the person's out-of-state . . . conviction is for an offense, which if committed in North Carolina, was substantially similar to a sexually violent offense, or an offense against a minor." *Id.* § 14-208.12B(c) (2020). "The person may present evidence in support of the lack of substantial similarity between the out-of-state"

offense and the North Carolina offense, and "[t]he court may review copies of the relevant out-of-state . . . criminal law and compare the elements of the out-of-state . . . offense to those purportedly similar to a North Carolina offense." *Id.* "If the presiding superior court judge determines the out-of-state . . . conviction is substantially similar to a reportable conviction, the judge shall order the person to register as a sex offender[.]" *Id.* § 14-208.12B(d).

¶ 8          The determination of whether an out-of-state conviction is for an offense that is substantially similar to a North Carolina offense "is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense." *State v. Sanders*, 367 N.C. 716, 720, 766 S.E.2d 331, 334 (2014) (quotation marks and citation omitted) (analyzing the similarity between an out-of-state statute and a North Carolina statute in the context of sentencing points for prior convictions). We do not "look beyond the elements of the offenses" to consider the underlying facts of a defendant's out-of-state conviction or the legislative purpose of the respective statutes defining the offenses. *Id.* at 719, 766 S.E.2d at 333. The requirement set forth in N.C. Gen. Stat. § 14-208.12B(d) "is not that the statutory wording precisely match, but rather that the offense be 'substantially similar.'" *State v. Sapp*, 190 N.C. App. 698, 713, 661 S.E.2d 304, 312 (2008).

¶ 9        In Texas, a person commits the offense of possession or promotion of lewd visual material depicting a child

> if the person knowingly possesses, accesses with intent to view, or promotes visual material that:
>
> (1) depicts the lewd exhibition of the genitals or pubic area of an unclothed, partially clothed, or clothed child who is younger than 18 years of age at the time the visual material was created;
>
> (2) appeals to the prurient interest in sex; and
>
> (3) has no serious literary, artistic, political, or scientific value.

Tex. Penal Code § 43.262(b) (2020).

¶ 10        In comparison, in North Carolina, a person commits the offense of second-degree sexual exploitation of a minor

> if, knowing the character or content of the material, he:
>
> (1) Records, photographs, films, develops, or duplicates material that contains a visual representation of a minor engaged in sexual activity; or
>
> (2) Distributes, transports, exhibits, receives, sells, purchases, exchanges, or solicits material that contains a visual representation of a minor engaged in sexual activity.

N.C. Gen. Stat. § 14-190.17 (2020). The definition of "sexual activity" includes the "lascivious exhibition of the genitals or pubic area of any person." *Id.* § 14-190.13(5)(g) (2020). The term "lascivious" has been defined as "tending to arouse sexual desire." *State v. Corbett*, 264 N.C. App. 93, 100, 824 S.E.2d 875, 880

(2019) (citations omitted).

¶ 11        Both offenses include an element of the defendant's knowledge.  Furthermore, the "visual material" prohibited in Texas is nearly identical to the "visual representation" prohibited in North Carolina:  both graphically depict the genital or pubic area of a child who is under the age of 18 in a manner that appeals to and arouses sexual desires.  *See* The American Heritage Dictionary 771 (5th ed. 2022) (defining "lewd" as "preoccupied with sex and sexual desire; lustful; obscene; indecent"; and defining "lascivious" as "given to or expressing lust . . . exciting sexual desires; salacious").  Moreover, the criminalized behavior of possessing, accessing with intent to view, or promoting the "visual material" in Texas is comparable to the criminalized behavior of recording, photographing, filming, developing, duplicating, distributing, transporting, exhibiting, receiving, selling, purchasing, exchanging, or soliciting the "visual representation" in North Carolina.  Based on a comparison of the elements of the Texas offense of possession or promotion of lewd visual material depicting a child and the North Carolina offense of second-degree sexual exploitation of a minor, we hold that the two offenses are substantially similar.

¶ 12        Our holding is in line with *State v. Graham*, wherein the North Carolina Supreme Court determined that the defendant's conviction for the Georgia offense of statutory rape was substantially similar to a North Carolina Class B1 felony for the purpose of calculating prior record level points for criminal sentencing.  379 N.C. 75,

2021-NCSC-125, ¶ 18. The Supreme Court compared the elements of the two offenses and agreed with this Court "that the trial court did not err in finding the two offenses substantially similar as Ga. Code Ann. § 16-6-3 outlaws statutory rape of a person who is under the age of sixteen and N.C. [Gen. Stat.] § 14-27.25 prohibits statutory rape of a person who is fifteen years of age or younger." *Id.* at ¶ 8 (quotation marks and citation omitted). The Court then addressed the defendant's argument that

> the Georgia statutory rape statute and the North Carolina statutory rape statute are not substantially similar in addressing the criminal offenses which they respectively prohibit in that there is no age difference element in the Georgia law, because unlike the North Carolina law which identifies specific age differences in its felony classifications, defendant notes that "the Georgia statute applies equally to all persons under the age of 16 years." He expounds upon this "lack of an age difference element in the Georgia statutory rape statute" by offering hypothetical examples of sexual intercourse which he posits would constitute the offense of statutory rape in Georgia but would not constitute the offense of statutory rape in North Carolina. Defendant submits that in a comparison of a North Carolina statute with another state's statute in order to determine substantial similarity between the two, if the difference between the two statutes renders the other state's law narrower or broader, "or if there are differences that work in both directions, so that each statute includes conduct not covered by the other, then the two statutes will not be substantially similar for purposes of the statute." Additionally, defendant asserts that the Georgia law under examination here is not substantially similar to the North Carolina enactment to which it is being paralleled because the Georgia law can be violated "by conduct that is only a Class C felony . . . in North Carolina."

*Id.* at ¶ 10. The Court found these arguments "unpersuasive," and explained as

follows:

> Defendant's position conflates the requirement that statutes subject to comparison be substantially similar to one another with his erroneous perception that the two statutes must have identicalness to each other. As we previously noted in our recognition of *Sapp*, 190 N.C. App. at 713, 661 S.E.2d 304, the statutory wording of the Georgia provision and the North Carolina provision do not need to precisely match in order to be deemed to be substantially similar. Likewise, defendant's stance that the Georgia statute and the North Carolina statute cannot be considered to be substantially similar because not every violation of the Georgia law would be tantamount to the commission of a Class B1 felony under the comparative North Carolina law is unfounded.

*Id.* at ¶ 11. The Court further expounded as follows:

> There are so many iterations of so many similar laws written in so many different ways, in North Carolina and in the forty-nine other states in America, that the courts of this state must necessarily possess the ability to operate with the flexibility that the phrase "substantially similar" inherently signifies in determining whether statutes which are being compared share the operative elements in the evaluation. While such an exercise is predictably challenging, we are confident that the courts of this state have sufficient guidance and flexibility to properly conduct the prescribed analysis of the statutes' respective elements.

*Id.* at ¶ 16.

¶ 13      Petitioner raises similar arguments to those rejected in *Graham*. First,

Petitioner argues that the Texas offense is not substantially similar to the North

Carolina offense because the Texas offense prohibits a visual depiction of the "lewd exhibition of the genitals or pubic area of [a] . . . *clothed child*" while the North Carolina statute, which prohibits the "lascivious exhibition of the genitals or pubic area of any person," does not apply to the "mere exhibition of the genitals or pubic area of a clothed child." We disagree for two reasons. First, according to its plain terms, the statute applies to the "lascivious exhibition of the genitals or pubic area of any person" and nothing in these terms limits its application to the exhibition of the genitals or pubic area of a clothed child. "[I]t is our duty to give effect to the words actually used in a statute and not to delete words used or to insert words not used." *State v. Heelan*, 263 N.C. App. 275, 281, 823 S.E.2d 106, 111 (2018) (citation omitted). Furthermore, even if the North Carolina statute does not apply to visual depictions of the genitals or pubic area of a clothed child, substantial similarity between the two offenses is not a "requirement of exactitude." *Graham*, 2021-NCSC-125, ¶ 12.

Petitioner also argues that the offenses are not substantially similar because the Texas statute applies to any "child who is younger than 18 years of age," Tex. Penal Code § 43.262(b)(1), while the North Carolina statute applies to any child younger than eighteen who is "not married or judicially emancipated," N.C. Gen. Stat. § 14-190.13(3) (2020).[1] "Defendant's position conflates the requirement that statutes

---

[1] The definition of "minor" in North Carolina is "[a]n individual who is less than 18 years old and is not married or judicially emancipated." N.C. Gen. Stat. § 14-190.13(3).

subject to comparison be substantially similar to one another with his erroneous perception that the two statutes must have identicalness to each other." *Graham*, 2021-NCSC-125, ¶ 11. The statutory wording of the Texas statute and the North Carolina statute "do not need to precisely match in order to be deemed to be substantially similar." *Id.*

## III. Conclusion

The "obvious essential pertinent parallels" between the Texas offense and the North Carolina offense lead us to hold that the possession or promotion of lewd visual material depicting a child under Texas Penal Code § 43.262 is substantially similar to second-degree exploitation of a minor under N.C. Gen. Stat. § 14-190.17. *See Graham*, 2021-NCSC-125, ¶ 12. Accordingly, we affirm the trial court's order requiring Petitioner to register in North Carolina as a sex offender.

AFFIRMED.

Judges ZACHARY and CARPENTER concur.